Argued March 15, decided April 4, rehearing denied May 16, 1911.

## GUNST & CO. *v.* MYERS.

[114 Pac. 925.]

LANDLORD AND TENANT—LEASE—RIGHT TO SUBLET.

1. A lease of premises, including three occupancies for a monthly rental in gross, executed to R. March 13, 1909, provided that the lessee will occupy the premises for saloon purposes only, and will not assign the lease, or his interest therein, without the written consent of the lessor, and that the terms of the tenants in possession of the premises

expire March 31, 1909, and that, if the tenants fail to give possession on that date, the term on which the premises are leased shall commence when the lessor shall recover possession of the premises. *Held,* that the lease prohibited R. from making any lease except for saloon purposes, and then only with the written consent of his lessor and M., one of the tenants of the lessor, claiming as subtenant of R., under a lease executed before R. had obtained possession, who does not show a compliance with the conditions, has no rights to the premises as against the original lessor.

LANDLORD AND TENANT—RIGHTS OF LESSOR—ESTOPPEL.

2. The original lessor did not, by recognizing R. as lessee and accepting rent from him before other tenants had vacated the premises, waive the stipulation that the tenancy was not to begin until possession was obtained, so as to preclude him from maintaining forcible entry and detainer against M., the sublessee.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Statement by MR. CHIEF JUSTICE EAKIN.

This is an action by M. A. Gunst & Co. against Bertha Myers. The facts are as follows:

For several years plaintiff has been and is now the lessee of the building at the corner of Third and Alder Streets, Portland, consisting of several occupancies, including rooms numbered 141½, 143, and 143½ on Third Street; the corner room being occupied by plaintiff for a cigar and tobacco business. Room No. 141½ had been occupied by one Blair, No. 143 by Reed for a saloon, and No. 143½ was on or prior to March 31, 1909, occupied by defendant in conducting a loaning and mercantile business under a lease from the plaintiff, which expired March 31, 1909. Upon April 2, 1909, plaintiff brought this action of forcible entry and detainer in the justice's court for possession of room No. 143½. Defendant, by her answer, alleges that on February 1, 1909, plaintiff and Reed entered into an agreement, by the terms of which plaintiff agreed to let and lease to Reed the building, excepting the corner room, for a term of years beginning April 1, 1909; that thereafter, on February 12, 1909, Reed let and demised the premises described in the complaint, room No. 143½, to defend-

ant for a period of one year, at the agreed rental of $200 per month; and that defendant is occupying the same under the lease. Verdict and judgment were rendered in favor of plaintiff, and defendant appealed. The cause was tried in the circuit court, at which the court directed a verdict for plaintiff and rendered judgment thereon. Defendant appeals to this court.

AFFIRMED.

For appellant there was a brief over the names of *Mr. Claude Strahan* and *Mr. Henry E. McGinn,* with an oral argument by *Mr. Strahan.*

For respondent there was a brief over the names of *Messrs. Teal, Minor & Winfree,* and *Mr. W. A. Johnson,* with an oral argument by *Mr. Johnson.*

Opinion by MR. CHIEF JUSTICE EAKIN.

1. Defendant's right to the possession of the premises depends upon the authority of Reed to lease the property to her, and whether he did so. The lease from plaintiff to Reed, which is dated March 13, 1909, was offered in evidence by defendant, and was excluded by the court as incompetent and immaterial, and the defense depends wholly upon the terms thereof. By it plaintiff leases the premises to Reed in consideration of the provisions therein contained on part of the second party (Reed) to be observed and performed. On the 1st of every month Reed is to pay $450 rental for the whole of the premises, including the three occupancies, there being no segregation of the rental as to each occupancy. It is provided "that he will use and occupy said premises for saloon purposes only; * * that he will not assign this lease, or his interest therein, or permit any person or persons to occupy said premises or any part thereof, without the consent of the first party first had in writing allowing thereof. * * It is understood by the parties hereto that the leased premises are now occupied by tenants of the first party,

and that the term of said tenants expires on March 31, 1909. If, for any cause, the tenants now in possession of said leased premises fail to give possession to the first party March 31st, 1909, the term for which the premises are leased by this agreement shall commence when the first party shall recover possession of said leased premises, and the rent reserve shall be reduced in an amount equal to fifteen dollars ($15) for each day that the second party shall thereby be kept out of possession." If Reed had had authority to sublet the premises to defendant on the first day of April, and did so, and she attorned to him at that time, it would amount to a surrender to plaintiff by defendant within the clause last above quoted from the lease. But the clause first above quoted prohibits Reed from making any lease except for saloon purposes, and only then with the consent of plaintiff first had in writing. Defendant has not brought her possession within either of these conditions; neither does it appear that she has attorned to Reed. It is not shown that Reed has recognized her as his tenant. On the contrary, her agent testifies that she tendered rent to Reed, and he refused to receive it.

2. It is contended by defendant that plaintiff has waived the second clause quoted from the lease by recognizing Reed as the lessee of the whole premises. This is sought to be shown by Reed's occupancy of his saloon and subsequent payment of rent, but plaintiff's right depends upon her status on April 1st, and subsequent payment of rent by Reed cannot affect her rights. Nothing that plaintiff has done constitutes a waiver of the lease. On the contrary, by the terms of the lease, plaintiff was required to place Reed in possession on April 1st, or as soon as possession could be secured, and it is provided that the agreement of the lease should commence when possession is secured, and plaintiff brought this action promptly on April 2nd in compliance with that provision

of the lease. What temporary arrangements were made between plaintiff and Reed are wholly immaterial. There is nothing to indicate that plaintiff is not bound to secure the possession for Reed. The court did not err, therefore, in sustaining the objection to the lease when offered in evidence, as defendant had not brought herself within its terms, and until she did she had no standing in court.

Judgment is affirmed.                                AFFIRMED.